**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Glansaol Holdings Inc., <u>et al.</u>,[1] | : | Case No. 18-14102 (MEW) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------x

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND
### ORDER CONFIRMING THIRD AMENDED JOINT LIQUIDATING
### <u>PLAN OF THE DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE</u>

The Court having considered (i) the *Third Amended Joint Liquidating Plan of the Debtors Under Chapter 11 of the Bankruptcy Code*, dated June 21, 2019 [Docket No. 368] (as the same may be amended, modified and/or supplemented from time to time, the "**Plan**");[2] (ii) the *Third Amended Disclosure Statement for Joint Liquidating Plan of the Debtors Under Chapter 11 of the Bankruptcy Code*, dated May 21, 2019 [Docket No. 321](the "**Third Amended Disclosure Statement**"); (iii) the *Second Amended Joint Liquidating Plan of the Debtors Under Chapter 11 of the Bankruptcy Code*, dated April 23, 2019 [Docket No. 290](the "**Second Amended Plan**"); (iv) the *Second Amended Disclosure Statement for Joint Liquidating Plan of the Debtors Under Chapter 11 of the Bankruptcy Code*, dated April 23, 2019 [Docket No. 291](the "**Second Amended Disclosure Statement**"); (iv) the *Joint Liquidating Plan of the Debtors Under Chapter 11 of the Bankruptcy Code*, dated March 1, 2019 [Docket No. 223](the "**Original Plan**"); (v) the *Disclosure Statement for Joint Liquidating Plan of the Debtors Under*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are as follows:  Clark's Botanicals, Inc. (0754); Glansaol Holdings Inc. (9485); Glansaol LLC (2012); Glansaol Management LLC (6879); Julep Beauty, Inc. (7984); Laura Geller Beauty, LLC (1706); Laura Geller Brands, LLC (7428); and Laura Geller Holdings, LLC (7388).

[2] All Capitalized terms not defined herein shall have the meanings ascribed them in the Plan or the Confirmation Brief (as defined below), as applicable.

*Chapter 11 of the Bankruptcy Code*, dated March 1, 2019 [Docket No. 224](the "**Disclosure Statement,**" and, together with the Second Amended Disclosure Statement and the Third Amended Disclosure Statement the "**Disclosure Statements**"); (vi) that certain *Order: (A) Approving Disclosure Statement; (B) Establishing Date of Confirmation Hearing; (C) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, Including (I) Approving Form and Manner of Solicitation Packages, (II) Approving Form and Manner of Notice of the Confirmation Hearing, (III) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages, (IV) Approving Forms of Ballots, (V) Establishing Deadline for Receipt of Ballots, and (VI) Approving Procedures for Vote Tabulations; (D) Establishing Deadline and Procedures for Filing Objections to Confirmation of Plan; and (E) Granting Related Relief*, [Docket No. 369], entered by the Court on June 24, 2019 (the "**Disclosure Statement Order**"); (vii) the *Declaration of Paul Deutch of Omni Management Group Regarding Solicitation of Votes and Tabulations of Ballots Cast on the Debtors' Chapter 11 Plan*, dated July 24, 2019 [Docket No. 404] (the "**Voting Declaration**"); the *Declaration of John P. Madden in Support of Confirmation of the Third Amended Joint Liquidating Plan of the Debtors Under Chapter 11 of the Bankruptcy Code* (the "**Madden Declaration**") and the *Memorandum of Law in Support of (I) Confirmation of Third Amended Joint Liquidating Plan of the Debtors Under Chapter 11 of the Bankruptcy Code; and (II) Reply to Objection to the Plan* (the "**Confirmation Brief**"), filed contemporaneously herewith; arguments of counsel presented at the confirmation hearing held on August 2, 2019 ("the **Confirmation Hearing**"); and the Court having taken judicial notice of all written and oral evidence submitted by the Debtors in connection with the Chapter 11 Cases; and the Court having found that due and proper notice has been given with respect to the Confirmation Hearing

and deadlines and procedures for filing objections to the Plan; and the appearance of all

interested parties having been duly noted in the record of the Confirmation Hearing; and upon

the record of the Confirmation Hearing and the Chapter 11 Cases, and after due deliberation

thereon, and sufficient cause appearing therefor;

## FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]

## <u>JURISDICTION AND VENUE</u>

A.     The Court has jurisdiction over this matter and Chapter 11 Cases pursuant to 28

U.S.C. §§ 157(a) and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409.

B.     Approval of the Plan, and approval of the compromises and settlements

incorporated into the Plan are each core bankruptcy proceedings pursuant to 28 U.S.C.

§ 157(b)(2)(A),(L) and (O).  The Court has exclusive jurisdiction to determine whether the Plan

complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and

the Court has the constitutional power and authority to enter a final order with respect thereto.

The Debtors are proper debtors under section 109 of title 11 of the United States Code (the

"**<u>Bankruptcy Code</u>**"), and the Debtors are proper proponents of the Plan under section 1121(a)

of the Bankruptcy Code.

## <u>VOTING ON PLAN AND THE ORIGINAL PLAN</u>

C.     As evidenced by the Voting Declaration, votes to accept or reject the Plan have

been solicited and tabulated fairly, in good faith, and in compliance with the Bankruptcy Code,

---

[3]     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law
pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and
9014 of the Federal Rules of Bankruptcy Procedure.  To the extent any of the following findings of fact
constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of
law constitute findings of fact, they are adopted as such.

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Bankruptcy

Rules for the Southern District of New York (the "**Local Rules**"), the Disclosure Statement

Order, the Combined Hearing Order and all applicable non-bankruptcy laws, rules or regulations.

D.       On July 24, 2019, the Debtors filed the Voting Declaration, which certifies in

accordance with the voting tabulation procedures approved by the Disclosure Statement Order,

the Plan has been accepted by the requisite dollar and amount of Claims in impaired Classes

entitled to vote provided in section 1126 of the Bankruptcy Code.  All procedures used to

tabulate the Ballots were fair, reasonable and complied with the applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Disclosure Statement Order, the

Combined Hearing Order, and all other applicable rules, laws and regulations.

E.       The Debtors have solicited acceptances of the Plan in good faith and in

compliance with the Disclosure Statement Order and applicable provisions of the Bankruptcy

Code and Bankruptcy Rules.  The Debtors shall not be liable at any time for the violation of any

applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the

Plan.

**THE PLAN COMPLIES WITH STANDARDS FOR
CONFIRMATION UNDER SECTION 1129 OF THE BANKRUPTCY CODE**

F.       <u>Section 1129(a)(1)</u>.  The Plan complies with each applicable provision of the

Bankruptcy Code.  In particular, the Plan complies with the requirements of sections 1122 and

1123 of the Bankruptcy Code as follows:

(i)       In accordance with section 1122(a) of the Bankruptcy Code, Article III of

the Plan classifies each Claim against and Interest in the Debtors into a Class containing only

substantially similar Claims or Interests;

(ii)     In accordance with section 1123(a)(1) of the Bankruptcy Code, Article III of the Plan properly classifies all Claims and Interests that require classification;

(iii)    In accordance with section 1123(a)(2) of the Bankruptcy Code, Article III of the Plan properly specifies each Class of Claims that is not impaired under the Plan;

(iv)    In accordance with section 1123(a)(3) of the Bankruptcy Code, Sections 4.04, 4.05, and 4.06 of the Plan properly specify the treatment of each Class of Claims or Interests that is impaired under the Plan;

(v)     In accordance with section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim or Interest in a particular Class unless the holder of such a Claim or Interest agrees to less favorable treatment;

(vi)    In accordance with section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for its implementation, including the provisions regarding the management of the Debtors' assets on or after the Effective Date and means for their ultimate liquidation and dissolution; termination of the Debtors' officers and directors and the appointment of the Plan Administrator; the vesting of the Debtors' assets on and after the Effective Date; the authorization of various corporate actions, including the amendment of the Debtors' certificates of incorporation and by-laws; the cancellation of the Debtors' existing securities and agreements; the cancellation of existing security interests; the comprehensive settlement of claims and controversies;

(vii)   In accordance with section 1123(a)(7) of the Bankruptcy Code, the provisions of the Plan, including the provisions of Sections 7.01 the Plan, are consistent with the interests of creditors and equity security holders and with public policy;

(viii)    In accordance with section 1123(b)(1) of the Bankruptcy Code, Article IV of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims and Interests;

(ix)    In accordance with section 1123(b)(2) of the Bankruptcy Code, Article X of the Plan provides for the assumption or rejection of the Debtors' executory contracts and unexpired leases that have not been previously assumed, assumed and assigned, or rejected pursuant to section 365 of the Bankruptcy Code and orders of the Court;

(x)    In accordance with section 1123(b)(3)(A) of the Bankruptcy Code, the Plan incorporates the  Global Settlement and adjustment of claims or interests belonging to the Debtors and their estates;

(xi)    In accordance with section 1123(b)(3)(B) of the Bankruptcy Code, Section 12.10 of the Plan provides that the Debtors, subject to the releases, injunctions and exculpations contained in Article XII, will retain and may enforce any rights, claims or Causes of Action, right of setoff, or other legal or equitable defense any Debtor may hold against any entity, to the extent not expressly released under the Plan; and

(xii)    In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan includes various additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

G.    <u>Section 1129(a)(2)</u>.  The Debtors have complied with all applicable provisions of the Bankruptcy Code with respect to the Plan and the solicitation of acceptances or rejections of the Plan.  In particular, the Plan complies with the requirements of sections 1125 and 1126 of the Bankruptcy Code as follows:

(i)    Persons entitled to receive notice of the Disclosure Statements, the Plan, and the Confirmation Hearing have received proper, timely and adequate notice in accordance

with the Disclosure Statement Order, applicable provisions of the Bankruptcy Code and

Bankruptcy Rules, and have had an opportunity to appear and be heard with respect thereto.

(ii)    In transmitting the Plan, the Disclosure Statements, the Disclosure

Statement Order, the Ballots, and related documents and notices in soliciting and tabulating the

votes on the Plan, the Debtors have complied with the applicable provisions of the Bankruptcy

Code, including sections 1125 and 1126, the Bankruptcy Rules, applicable non-bankruptcy law,

and the Disclosure Statement Order.

(iii)    Written notice of the Confirmation Hearing and the relevant deadlines for

the submission of Ballots and objections to confirmation of the Plan has been provided

substantially in the form, within the time, and in accordance with the Bankruptcy Rules and the

procedures approved and prescribed by this Court in the Disclosure Statement Order, as

applicable.  Such written notice is adequate and sufficient notice of the Plan, the contents of the

Plan, the Confirmation Hearing, and the opportunity to object to any aspect of the Plan.

(iv)    Claims in Classes 1 (Prepetition Secured Lender Claims), 2 (Other

Secured Claims, and 3 (Priority Non-Tax Claims) under the Plan are unimpaired, and such

Classes are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy

Code.

(v)    Claims in Classes 4 (Intercompany Claims) and 6 (Existing Interests)

under the Plan are impaired, and such Classes are deemed to have rejected the Plan.

(vi)    All Classes of impaired Claims that were entitled to vote pursuant to the

Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order were given the

opportunity to vote on the Plan (i.e., Class 5 (General Unsecured Claims)).  Ballots were

received from holders of Claims in Class 5.

(vii)    The Debtors have made a final determination of the validity of, and tabulation with respect to, all acceptances and rejections of the Plan by holders of Claims entitled to vote, including the amount and number of accepting and rejecting Claims in Class 5 (General Unsecured Claims) under the Plan.

(viii)    Class 5 (General Unsecured Claims) has accepted the Plan by at least two-thirds in amount and a majority in number of the Claims in such Class.

H.    <u>Section 1129(a)(3)</u>.  The Plan has been proposed in good faith and not by any means forbidden by law.  In so finding, the Court has considered the totality of the circumstances of the Chapter 11 Cases.  The Plan is the result of extensive, good faith, arm's length negotiations among the Debtors and certain of their principal constituencies, including the Sponsor, the Prepetition Secured Lender and the Committee, and includes a Global Settlement with the Committee acting on behalf of all general unsecured creditors.  The Debtors believe the transactions contemplated in the Plan maximize the value of their estates for all their stakeholders.

The Debtors' good faith is evident from the record of the Chapter 11 Cases, including the Disclosure Statements, the Plan, and the record of the Confirmation Hearing.  The Plan achieves a fair and appropriate result, consistent with the objectives and purposes of the Bankruptcy Code. The Debtors and each of their respective officers, directors, employees, advisors and professionals (a) acted in good faith in negotiating, formulating, and proposing, where applicable, the Plan and the agreements, compromises, settlements, transactions, and transfers contemplated thereby, and (b) will be acting in good faith in proceeding to (i) consummate and implement the Plan and the agreements, compromises, settlements, transactions, transfers, and documentation contemplated thereby, including the Plan Supplement documents, and (ii) take any actions authorized, directed

or contemplated by this Order or the Plan.  Thus, the Plan satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code.

I.    Section 1129(a)(4).  Except as otherwise provided in the Final DIP Order or the Plan, any payment made or to be made by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, this Court as reasonable, satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.  Pursuant to Section 2.04 of the Plan, and except as otherwise provided herein and in the Plan, all payments to be made to Professional Persons or other entities asserting a Fee Claim for services rendered before the Effective Date will be subject to review and approval by this Court.

J.    Section 1129(a)(7).  Each holder of an impaired Claim or Interest in each impaired Class of Claims or Interests either (a) will, on account of such Claim or Interest, receive or retain property under the Plan having a value, as of the Effective Date, that is not less than the amount that such holder would have received or retained if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date, or (b) has accepted the Plan.  See Disclosure Statement, Exhibit 2; Madden Declaration ¶¶ 13-15.

K.    Section 1129(a)(8).  The Plan has not been accepted by all impaired Classes of Claims and Interests.  As of the Voting Deadline, pursuant to section 1126(g) of the Bankruptcy Code, holders of Claims and Interests in Classes 4 (Intercompany Claims) and 6 (Existing Interests) are conclusively deemed to have rejected the Plan.  Nevertheless, the Plan is confirmable because it satisfies section 1129(b)(1) of the Bankruptcy Code with respect to such non-accepting Classes of Claims and Interests.

L.      <u>Section 1129(a)(9)</u>.  Except to the extent that the holder of a particular Claim has

agreed to different treatment, the Plan provides treatment for Administrative Expense Claims,

Priority Tax Claims, Fee Claims and Priority Non-Tax Claims that is consistent with the

requirements of section 1129(a)(9) of the Bankruptcy Code.

M.      <u>Section 1129(a)(10)</u>.  As evidenced by the Voting Declaration, the Plan has been

accepted by Class 5 (General Unsecured Claims), determined without including any acceptance

of the Plan by any insider (as that term is defined in section 101(31) of the Bankruptcy Code),

which is a Class of impaired Claims that is entitled to vote on the Plan.

N.      <u>Section 1129(a)(11)</u>.  The evidence supporting the Plan proffered or adduced by

the Debtors at, or prior to, or in declarations filled in connection with the Confirmation Hearing

establish that the Debtors have the wherewithal to pay all Allowed Administrative Expense

Claims and Priority Claims in full and expect to be able to comply with their financial

commitments in accordance with the Plan, including in connection with the wind down.  Thus,

the Plan satisfies 1129(a)(11).

O.      <u>Section 1129(a)(12)</u>.  Pursuant to Section 2.05 of the Plan, all fees payable

pursuant to section 1930 of title 28 of the United States Code have been or will be paid.

P.      <u>Sections 1129(a)(6), 1129(a)(13), 1129(a)(14), 1129(a)(15) and 1129 (a)(16)</u>.

Sections 1129(a)(6), 1129(a)(13), 1129(a)(14), 1129(a)(15) and 1129(a)(16) of the Bankruptcy

Code do not apply to the Chapter 11 Cases.

Q.      <u>Section 1129(b)</u>.  The Plan does not "discriminate unfairly" and is "fair and

equitable" with respect to Classes 4 (Intercompany Claims) and 6 (Existing Interests) (<u>i.e.</u>, the

Classes that are impaired and are deemed to reject the Plan).

(i)    <u>Unfair Discrimination</u>.  The Plan does not discriminate unfairly with respect to Claims and Interests in Classes 4 (Intercompany Claims)  and 6 (Existing Interests), which are being eliminated consensually.  The Claims in Class 4 (Intercompany Claims) are intercompany claims held by a Debtor or a non-Debtor direct or indirect subsidiary or affiliate of Debtor, and the Interests in Class 6 (Existing Interests) are intercompany equity interests held by the Parent in one or more of the Debtors and interests held by the Sponsor in the Parent.  There is a reasonable basis for disparate treatment and separate classification of such Claims from the Claims in Class 5 (General Unsecured Claims), and no objections to separate classification and disparate treatment have been filed.  Further, with respect to Class 6 Interests, there is no similarly situated class of interests treated differently under the Plan.

(ii)    <u>Fair and Equitable</u>.  The Plan is "fair and equitable" with respect to each rejecting Class because no Class senior to any rejecting Class is being paid more than in full and the Plan does not provide a recovery on account of any Claim or Interest that is junior to such rejecting Classes.  Thus, the Plan may be confirmed notwithstanding the rejection by Classes 4 and 6.

R.    <u>Section 1129(c)</u>.  The Plan is the only plan that has been filed in these cases that has been found to satisfy the requirements of subsections (a) (other than subsection (a)(8)) and (b) of section 1129 of the Bankruptcy Code.  Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

S.    <u>Section 1129(d)</u>.  No party in interest, including any governmental unit (as defined in section 101(27) of the Bankruptcy Code), has requested that the Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.  Moreover,

the principal purpose of the Plan is not such avoidance.  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

        T.      <u>Satisfaction of Confirmation Requirements</u>.  Based on the foregoing, the Plan satisfies all the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

        U.      <u>Retention of Jurisdiction</u>.  This Court may properly, and shall, retain jurisdiction over, and shall hear and determine the matters set forth in section 1142 of the Bankruptcy Code and all matters arising in, arising under, or related to the Chapter 11 Cases as set forth in Article XIII of the Plan.

        V.      <u>Post-Confirmation Status Reports and Final Decree</u>. In lieu of the provisions of Local Rule 3021-1 of the Southern District of New York Local Bankruptcy Rules, after the entry of this Order, the Plan Administrator shall file post-confirmation quarterly status reports with the Bankruptcy Court. The Plan Administrator shall file a motion seeking entry of a final decree closing the cases as required by Bankruptcy Rule 3022.

## <u>RELEASES, INJUNCTIONS, AND EXCULPATION</u>

        W.      The releases, injunctions and exculpation provisions set forth in Article XII of the Plan and the release of claims by and against Jane Park pursuant to the settlement agreement reached among the Debtors, the Committee and Ms. Park (the "**<u>Jane Park Settlement</u>**") constitute good faith compromises and settlements of the matters covered thereby.  Such compromises and settlements are made in exchange for consideration and are in the best interests of the Debtors and their Estates, are fair, equitable, reasonable, and are integral elements of the restructuring and resolution of the Chapter 11 Cases in accordance with the Plan.  The failure to effect the injunction and exculpation provisions described in Article XII of the Plan would impair the Debtors' ability to confirm the Plan.  Each of the release, injunction and exculpation

provisions set forth in the Plan:

(i)      is within the jurisdiction and judicial power of the Court under 28 U.S.C. §§ 1334(a), (b) and (d), and 157(a); is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code;

(ii)     is an integral element of the settlements and transactions incorporated into the Plan;

(iii)    confers material benefit on, and is in the best interests of, the Debtors and their Estates;

(iv)    is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties in interest in the Chapter 11 Cases with respect to the Debtors; and

(v)     is consistent with and permitted by sections 105, 1123, 1125(e) and 1129 of the Bankruptcy Code and applicable law.

**NOW, THEREFORE, IT IS HEREBY ORDERED, that:**

1.     The Plan is confirmed pursuant to section 1129 of the Bankruptcy Code; provided, however, that if there is any conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall control; provided further, however, that if there is any conflict between the terms of the Plan and the Jane Park Settlement, the terms of the Jane Park Settlement shall control. Each provision of the Plan is authorized and approved and shall have the same validity, binding effect, and enforceability as every other provision of the Plan.  The terms of the Plan, as previously modified and as modified by any modifications made at the Confirmation Hearing, are incorporated by reference into and are an integral part of this Order. The failure specifically to describe, include, or refer to any particular article, section, or

provision of the Plan, Plan Supplement, or any related document in this Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan, the Plan Supplement, and all related documents be approved and confirmed in their entirety as if set forth verbatim in this Order.

2.      The Effective Date of the Plan shall occur on the first Business Day on which all conditions set forth in Section 11.01 of the Plan have been satisfied or waived, the occurrence of which shall be subject to the Committee's consent.

3.      Any objections or responses to confirmation of the Plan and any reservation of rights contained therein that (a) have not been withdrawn, waived or settled prior to the entry of this Order or (b) are not cured by the relief granted herein, are overruled in their entirety and on their merits, and all withdrawn objections or responses are deemed withdrawn with prejudice.

4.      The Plan satisfies the requirements of section 1127(a) of the Bankruptcy Code.

5.      Any assets of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date.

6.      On and after the Effective Date, all property of the Debtors shall be managed and administered by the Plan Administrator and the Plan Administrator shall be authorized to conduct the Wind Down of the Debtors' affairs and shall have all powers, authority and responsibilities specified in the Plan Documents.

7.      DIP Claims shall be treated as set forth in Section 2.01 of the Plan.

8.      The Plan provides for the comprehensive settlement of Claims, Interests and controversies against the Debtors.  The negotiations of such settlements were conducted in

good faith and at arm's length, and each such settlement benefits the Debtors and their Estates

and represents a fair, necessary and reasonable compromise of the Claims and Interests held by

the holders thereof. The terms and conditions of each such compromise and settlement are

therefore an integral part of the Plan. The settlements, as reflected in the relative distributions

and recoveries of holders of Claims and Interests under the Plan, are fair and reasonable to the

Debtors and their Estates and accordingly are approved pursuant to Bankruptcy Rule 9019(a).

The settlements will save the Debtors and their Estates the costs and expenses of prosecuting

various disputes, the outcome of which would likely consume substantial resources of the

Debtors' Estates and require substantial time to adjudicate. The settlements also have facilitated

the creation and implementation of the Plan and benefit the estates and the Debtors' creditors,

including all holders of Allowed General Unsecured Claims, whose interests were represented by

the Committee (which is supportive of the Plan and all settlements thereunder).

## A.    Plan Implementation

9.    In accordance with section 1142 of the Bankruptcy Code, section 303 of

the Delaware General Corporation Law and any comparable provisions of the business

corporation law of any other state or foreign law that are applicable, but subject to the occurrence

of the Effective Date, without further action by the Court or the boards of directors or managers

or security holders of any Debtor, the Debtors and the Plan Administrator are authorized to:  (a)

take any and all actions necessary or appropriate to implement, effectuate and consummate the

Plan, this Order and the transactions contemplated thereby or hereby, and including performance

under any agreement and the Plan Documents and (b) execute, deliver, file and record such

documents (including the Plan Documents), contracts, instruments, releases, and other

agreements and documents (collectively, the "**Effectuating Documents**") and perform their

obligations thereunder and take such other action as may be necessary to effectuate and further

evidence the terms and conditions of the Plan.  The Effectuating Documents (when and to the

extent entered into or adopted) shall constitute legal, valid, binding and authorized obligations of

the respective parties thereto, enforceable in accordance with their terms (without further action

unless such Effectuating Document otherwise provides).

          10.     This Order shall constitute all approvals and consents required, if any, by

the laws, rules or regulations of any state or any other governmental authority with respect to the

implementation or consummation of the Plan and any other acts that may be necessary or

appropriate for the implementation or consummation of the Plan.

          11.     Each and every U.S. federal, state, commonwealth, local, foreign or other

governmental agency is directed and authorized to accept for filing and/or recording any and all

documents and instruments necessary or appropriate to effectuate, implement or consummate the

transactions contemplated by the Plan and this Order without payment of any stamp tax or

similar tax imposed by state or local law.

          12.     The consummation of the Plan shall not constitute a change in ownership

or change in control under any contract or agreement in existence on the Effective Date to which

any Debtor is a party.

**B.**      **Executory Contracts**

          13.     Pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, all

executory contracts and unexpired leases of the Debtors not previously rejected by the Debtors

pursuant to an order of the Bankruptcy Court shall be deemed to be rejected by the Debtors as of

the Effective Date, except for any executory contract or unexpired lease: (a) that previously has

been assumed and/or assigned pursuant to an order of the Bankruptcy Court entered prior to the

Effective Date; (b) as to which a motion for approval of the assumption and/or assignment of such executory contract or unexpired lease has been filed and served prior to the Confirmation Date; or (v) that is specifically designated as a contract or lease to be assumed and/or assigned by the Debtors.

14.    Except as otherwise explicitly set forth in the Plan, all Claims, if any, arising from the rejection of executory contracts or unexpired leases, if evidenced by a timely filed proof of claim, will be treated as General Unsecured Claims.  In the event that the rejection of an executory contract or unexpired lease by any of the Debtors pursuant to the Plan results in damages to the other party or parties to such contract or lease, a Claim for such damages, if not evidenced by a timely proof of claim related to such rejection damages, shall be forever barred and shall not be enforceable against the Debtors, or their respective Estates, interests in property as agents, successors or assigns, unless a proof of claim is timely filed with the Bankruptcy Court and served upon counsel for the Debtors on or before the date that is thirty (30) days after the effective date of such rejection (which may be the Effective Date, the date on which the Debtors reject the applicable contract as provided in Section 10.01 of the Plan, or pursuant to an order of the Bankruptcy Court).  Unless previously provided by the Debtors, the Debtors shall provide notice of the last date to file a Claim arising from the rejection of an executory contract to the counterparties of such rejected contracts and leases.  Notwithstanding anything contained herein or in any other order of the Court entered prior to the date hereof, if an executory contract or unexpired lease is or has been rejected by the Debtors, the contract counterparty may not offset postpetition amounts owed to the Debtors against such contract counterparty's rejection damage claim.

**C.**     **Vesting and Transfer of Assets**

15.     On the Effective Date, all property of the Estates of the Debtors shall vest

in the Debtors, free and clear of all Claims, Liens, encumbrances, charges, and other interests,

except as otherwise provided herein or in the Plan including with respect to the rights to receive

any Distribution thereunder.

**D.**     **Approval of Injunction, Release and Exculpation Provisions**

16.     The injunction, release and exculpation provisions contained in the Plan,

including those set forth in Article XII of the Plan, are expressly incorporated into this Order as

if set forth in full herein and are authorized and approved and shall be immediately effective on

the Effective Date of the Plan without further order or action on the part of the Court or any other

party.  Notwithstanding anything to the contrary herein or in the Plan, the releases set forth in

Section 12.06 of the Plan that are granted on behalf of any such Released Party shall be deemed

to be authorized and approved only to the extent such Released Party is empowered to grant such

releases on behalf of such applicable Person under applicable non-bankruptcy law.

17.     Subject to Section 12.06 of the Plan, nothing contained in the Plan or this

Order shall, as contemplated by Section 12.10 of the Plan, be deemed to be a waiver or

relinquishment of any rights, claims or Causes of Action, rights of setoff, or other legal or

equitable defenses that the Debtors had immediately prior to the Effective Date on behalf of the

Estates or of themselves in accordance with any provision of the Bankruptcy Code or any

applicable non-bankruptcy law.  Subject to Section 12.06 of the Plan, the Debtors shall have,

retain, reserve, and be entitled to assert all such claims, Causes of Action, rights of setoff, or

other legal or equitable defenses as fully as if the Chapter 11 Cases had not been commenced,

and all of the Debtors' legal and/or equitable rights respecting any Claim left unimpaired may be

asserted after the Confirmation Date to the same extent as if the Chapter 11 Cases had not been commenced.

18.     No Person may rely on the absence of a specific reference in the Plan, the Disclosure Statements to any Cause of Action against them as any indication that the Debtors will not pursue any and all available Causes of Action against such Person.  The Debtors expressly reserve all rights to prosecute any and all Causes of Action against any Person other than the Released Parties, in accordance with the Plan and subject to any applicable defenses of any such Persons.  From and after the Effective Date, subject to Section 12.06 of the Plan, the Debtors and the Plan Administrator, as applicable, shall have the exclusive right, authority and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw or litigate to judgment any Cause of Action and to decline to do any of the foregoing without further notice to or action, order or approval of the Court in their sole discretion and without further order of the Court, in ay court or other tribunal.  The Debtors are deemed representatives of the Estates for the purpose of prosecuting any claim or Cause of Action and any objections to Claims.

**E.     Indemnification Obligations**

19.     Notwithstanding anything to the contrary contained herein or in the Plan, the obligation of the Debtors to indemnify and reimburse any Person or entity serving at any time on or after the Petition Date as one of its directors, officers or employees by reason of such Person's or entity's service in such capacity, or as a director, officer or employee of any of the Debtors or any other corporation or legal entity, to the extent provided in such Debtor's constituent documents, a written agreement with the Debtor(s), in accordance with any applicable law, or any combination of the foregoing, shall survive confirmation of the Plan and

the Effective Date and become an obligation of the Debtors solely to the extent of available

insurance, and not be released, irrespective of whether indemnification or reimbursement is owed

in connection with an event occurring before, on, or after the Petition Date; provided, that

nothing in the Plan shall be deemed or construed to require the Debtors to renew or extend such

policies.  Nothing herein or in the Plan shall be construed as the Debtors assuming any obligation

with respect to any self-insured retention for which the applicable insurer has the ability to assert

a prepetition Claim against the applicable Debtor in accordance with the order setting the Bar

Date or other order of the Court.  On and after the Effective Date, the coverage under any

directors' and officers' insurance policies in effect on the Petition Date shall not be terminated or

otherwise reduced by or on behalf of the Debtors, and all directors and officers of the Debtors at

any time shall be entitled to the full benefits of any such policy for the full term of such policy

regardless of whether such directors and/or officers remain in such positions after the Effective

Date.

**F.      Order Binding on All Parties**

          20.      Pursuant to section 1141 of the Bankruptcy Code, effective as of the

Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly

provided in the Plan or this Order, the provisions of the Plan (including the Plan Documents and

the exhibits thereto, and all documents and agreements executed pursuant to, the Plan) and this

Order shall be binding upon, and inure to the benefit of the Debtors, all holders of Claims and

Interests, all non-Debtor parties to executory contracts and unexpired leases with any of the

Debtors and any other party in interest in these Chapter 11 Cases, and their respective successors

and assigns.

**G.    Administrative Bar Date**

21.    Except as otherwise provided in the Final DIP Order or Section 2.03 of the Plan, requests for payment of Administrative Expense Claims (other than Fee Claims) that arose on or after June 29, 2019 must be filed with the Bankruptcy Court and served on the Debtors, the Claims Agent and the United States Trustee within thirty (30) days from the date of service of notice of the Effective Date.  Such proof of Administrative Expense Claim must include at a minimum:  (i) the name of the applicable Debtor that is purported to be liable for the Administrative Expense Claim and if the Administrative Expense Claim is asserted against more than one Debtor, the exact amount asserted to be owed by each such Debtor; (ii) the name of the holder of the Administrative Expense Claim; (iii) the asserted amount of the Administrative Expense Claim; (iv) the basis of the Administrative Expense Claim; and (v) supporting documentation for the Administrative Expense Claim.  FAILURE TO FILE AND SERVE SUCH PROOF OF ADMINISTRATIVE EXPENSE CLAIM TIMELY AND PROPERLY SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED AND RELEASED.

**H.    Fee Claims**

22.    Any Professional Person seeking allowance by the Bankruptcy Court of a Fee Claim shall (i) file with the Bankruptcy Court and serve notice of same on the Debtors and the United States Trustee its respective final application for allowance of compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date and in connection with the preparation and prosecution of such final fee applications, including all supporting time-sheets and expense documentation, no later than forty-five (45) calendar days after the Effective Date or such other date as may be fixed by the Bankruptcy Court and (ii) if

granted such an award by the Bankruptcy Court, be paid in full in Cash such amount as awarded

by the Bankruptcy Court subject to the limitations set forth in Section 2.04 of the Plan (a) no

later than five (5) Business Days after the date an order is entered with respect to such award or

(b) upon such other terms as may be mutually agreed upon between such holder of a Fee Claim

and the Debtors.  Objections to Fee Claims, if any, must be filed and served no later than sixty-

five (65) days after the Effective Date, or such other date as the U.S. Trustee and the Professional

Person may agree.

23.     The Debtors shall, pursuant to Section 2.05 of the Plan, pay all

outstanding U.S. Trustee Fees of a Debtor, together with interest pursuant to 31 U.S.C. § 3717, if

any, on an ongoing basis on the later of (a) the Effective Date and (b) the date such U.S. Trustee

Fees become due, until such time as a final decree is entered closing the applicable Chapter 11

Case, the applicable Chapter 11 Case is converted or dismissed.

## I.      Binding Effect of Prior Orders

24.     Pursuant to section 1141 of the Bankruptcy Code, effective as of and

subject to the occurrence of the Effective Date and subject to the terms of the Plan and this

Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed

by the Debtors as authorized and directed thereunder and all motions or requests for relief by the

Debtors pending before the Court as of the Effective Date that ultimately are granted shall be

binding upon and shall inure to the benefit of the Debtors, the Debtors and their respective

successors and assigns.

## J.      Notice of Confirmation of the Plan

25.     Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), the Debtors are

directed to serve a notice of the entry of this Order, on all parties that actually received written

notice of the Confirmation Hearing and parties to executory contracts no later than ten (10) days after the Effective Date; provided, however, that the Debtors shall be obligated to serve the Effective Date notice only on the record holders of Claims or Interests as of the Distribution Record Date.  As soon as practicable after the entry of this Order, the Debtors shall make copies of this Order available on their reorganization website.

## K.    Miscellaneous Provisions

26.    Without the need for a further order or authorization of this Court, but subject to the express provisions of this Order, the Debtors shall be authorized and empowered as may be necessary to make non-material modifications to the documents filed with the Court, including (i) the various documents included in the Plan Supplement and (ii) the Plan only in accordance with and subject to Section 14.05 of the Plan.  For the avoidance of doubt, the evidentiary record for the Confirmation Hearing was closed on August 2, 2019, and the evidentiary record shall not be amended, modified or supplemented.

27.    As of the Effective Date, pursuant to the Plan, the Debtors may wind down their business and take such actions as are reasonably necessary or advisable, in their business judgment, in connection therewith, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and this Order. Any cash remaining in the Debtors' wind down accounts after satisfying all obligations required to be satisfied in cash under the Plan and upon completion of the wind down shall be distributed Pro Rata to holders of Allowed General Unsecured Claims in accordance with the Plan Administrator Agreement.

28.     On the first (1st) Business Date following the Effective Date, the Committee shall be dissolved and the Committee, its members, and professionals retained by the Committee in accordance with Bankruptcy Code § 1103 shall be deemed released from their respective fiduciary obligations, duties, and responsibilities arising from or related to the Chapter 11 Cases, except with respect to: (i) prosecuting applications for professionals' compensation or reimbursement of expenses incurred as a member of the Committee; (ii) asserting, disputing and participating in the resolution of Fee Claims; and (iii) prosecuting or participating in any appeal of the Confirmation Order or any request for reconsideration thereof. Upon the conclusion of (i) through (iii) above, the Committee shall be immediately dissolved and released. The Professional Persons retained by the Committee and the members thereof shall not be entitled to compensation or reimbursement of expenses for any services rendered or expenses incurred after the first (1st) Business Day on behalf of the Committee following the Effective Date, except for services rendered and expenses incurred, as approved by the Court, in connection with: (i) prosecuting applications for or objections to professionals' compensation; (ii) asserting, disputing and participating in the resolution of Fee Claims or reimbursement of expenses incurred as a member of the Committee; and (iii) prosecuting or participating in any appeal of the Confirmation Order or any request for reconsideration thereof.

29.     This Order (a) is a final order and the period in which an appeal must be filed shall commence upon the entry hereof, (b) shall be immediately effective and enforceable upon the entry hereof, and (c) for good cause shown, based on the record of the Confirmation Hearing, shall not be subject to any stay otherwise applicable under the Bankruptcy Rules, including Bankruptcy Rule 3020(e).

30.     Any document related to the Plan that refers to a Chapter 11 plan for the

Debtors other than the Plan confirmed by this Order shall be, and it is, deemed to be modified

such that the reference to a chapter 11 plan for the Debtors in such document shall mean the Plan

confirmed by this Order, as appropriate.

31.     The provisions of this Order, including the findings of fact and

conclusions of law set forth herein, and the provisions of the Plan are integrated with each other,

nonseverable, and mutually dependent unless expressly stated by further order of the Court.  The

provisions of the Plan and this Order shall be construed in a manner consistent with each other so

as to effect the purpose of each; provided, however, that if there is any direct conflict between

the terms of the Plan and the terms of this Order that cannot be reconciled, then, solely to the

extent of such conflict, (a) the provisions of this Order shall govern and any such provision of

this Order shall be deemed a modification of the Plan and shall control and take precedence; and

(b) as to all other agreements, instruments, or documents, the provisions of the Plan shall govern

and take precedence (unless otherwise expressly provided for in such agreement, instrument, or

document).

32.     Unless otherwise provided in the Plan or in this Order, all injunctions or

stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or

any order of this Court shall, on the date of entry of this Order, as contemplated by Section 12.03

of the Plan, remain in full force and effect until the Effective Date.  All injunctions or stays

contained in the Plan or this Order shall remain in full force and effect in accordance with their

terms.

33.     Except as otherwise may be provided in the Plan or herein, notice of all subsequent pleadings in the Chapter 11 Cases after the Effective Date shall be limited to the following parties:  (i) the Debtors and their counsel, (ii) the United States Trustee, (iii) the Plan Administrator and its counsel; and (iii)  any party known to be directly affected by the relief sought.

34.     If the Plan is revoked or withdrawn pursuant to Section 14.06 of the Plan prior to the Effective Date, the Plan shall be deemed null and void.

35.     Notwithstanding the entry of this Order, this Court may properly, and from and after the Effective Date shall, to the fullest extent as is legally permissible, retain exclusive jurisdiction over the Chapter 11 Cases, and all matters arising under, arising out of, or related to, the Chapter 11 Cases and the Plan (a) as provided for in Article XIII of the Plan, (b) as provided for in this Order, and (c) for the purposes set forth in sections 1127 and 1142 of the Bankruptcy Code.

**L.      Resolution of Advanced Distribution Systems' Objection**

36.     Notwithstanding anything in this Confirmation Order or the Sale Order to the contrary, Advanced Distribution Systems, Inc. ("**ADS**") shall have standing to seek to enforce the Sale Order, the Asset Purchase Agreement, and all related documents and pleadings pertaining to the sale of the Debtors' assets to AS Beauty LLC, in all respects, including but not limited to cure matters, and the Court shall have and retain jurisdiction over any motion, litigation, and/or filing made by ADS seeking to enforce any of the aforementioned documents.

37.     Notwithstanding anything in this Confirmation Order or the Sale Order to the contrary, ADS shall have an allowed administrative expense claim in the amount of

$411,191.36, which shall be paid pursuant to the Plan.


Dated: August 2, 2019
        New York, New York


                                    **s/Michael E. Wiles**
                                    THE HONORABLE MICHAEL E. WILES
                                    UNITED STATES BANKRUPTCY JUDGE