**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                     :
                                                          :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*                 :
                                                          :    **Case No. 18-23538 (RDD)**
                                                          :
            Debtors.[1]                                   :    **(Jointly Administered)**
------------------------------------------------------------x

### ORDER DENYING MOTION TO INVALIDATE THE SALE AND LOCKUP OF MEDIUM-TERM INTERCOMPANY NOTES AND GRANTING RETROACTIVE APPROVAL OF LOCKUP PROVISION

Omega Advisors Inc. ("**Omega**") having made a motion, dated December 6, 2018 (ECF No. 1077) (the "**Omega Motion**")[2], pursuant to sections 105 and 363 of the United States Code (the "**Bankruptcy Code**"), and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order (a) to enforce this Court's *Order Authorizing Debtors to Sell Medium Term Notes*, dated November 19, 2018 (ECF No. 826) (the "**MTN Sale Order**") and (b) to invalidate the sale and lockup of certain medium-term intercompany notes

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Omega Motion.

issued by Sears Roebuck Acceptance Corp., all as more fully set forth in the Omega Motion; and the Court having jurisdiction to decide the Omega Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), consideration of the Omega Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Omega Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances; and upon all of the pleadings filed in connection with the Omega Motion; and a hearing having been held by the Court on the Omega Motion on December 20, 2018 (the "**Initial Hearing**"); and, after due deliberation and for the reasons stated by the Court at the Initial Hearing, the Court at the Initial Hearing having denied the relief requested by Omega for the reasons stated on the record of the Initial Hearing with the exception of the Court having directed the Debtors to provide notice of the terms of the note purchase agreement (the "**Note Purchase Agreement**") between the Debtors and Cyrus Capital Partners L.P. ("**Cyrus**") and having set an objection deadline of December 31, 2018 at 4:00 p.m. (the "**Objection Deadline**") so that parties in interest could consider and, if warranted, object to that portion of the Note Purchase Agreement providing for the "lock-up" of the Sears Re MTNs; and the Debtors having filed and served the *Notice of Hearing for Approval of Sale of Medium Term Intercompany Notes to Cyrus Capital Partners L.P.* on December 21, 2018 (ECF No. 1396); and no objections to the terms of the Note Purchase Agreement having been filed before the Objection Deadline; and a subsequent hearing having been held on January 2, 2019 (the "**Second Hearing**" and, collectively with the

2

Initial Hearing, the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and after due deliberation,

**IT IS HEREBY ORDERED THAT:**

1. The Omega Motion is denied.

2. For the avoidance of doubt, nothing in this Order affects any provision of the MTN Sale Order.

3. Section 6 of the Note Purchase Agreement, which provides, *inter alia*, that no Debtor nor any affiliate thereof (other than Sears Reinsurance Company Ltd. in the event that it is ordered to do so by a Bermuda court appointed receiver appointed in a Bermuda receivership) shall sell, transfer, or assign any MTNs to any non-Debtor, is hereby approved pursuant to section 363(b) of the Bankruptcy Code, retroactive to November 19, 2018.

4. To the extent applicable, the 14-day stay of this Order under Fed. R. Bankr. P. 6004(h) is waived, for cause, and this Order is effective immediately upon its entry.

Dated: January 3, 2019
      White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE